UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT, | Case No. 2:21-cv-02032-MCE-JDP |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR |
| v. | DEFAULT JUDGMENT BE GRANTED |
| GSARWAR INC., *et al.*, | ECF No. 9 |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff commenced this action against defendants Gsarwar Inc., Mohammed F. Majumder, and Mariam Akter Niru, alleging that defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, the California Unruh Civil Rights Act ("Unruh Act"), and the California Health and Safety Code §§ 19953, *et seq.* Defendants have neither answered the complaint nor otherwise appeared. Plaintiff has filed a motion for default judgment, which was before the court for hearing on March 31, 2022. I recommend that plaintiff's motion be granted and that default judgment be entered against defendants.

**Background**

According to the complaint, plaintiff is physically disabled and must use a wheelchair or prosthetic device for mobility due to substantial limitations on his ability to walk. ECF No. 1 at 2. Defendants own and operate Gsarwar Market, which is located at 2199 El Camino Avenue in Sacramento. *Id.* at 1-2. The store is open to the public and is therefore a place of public

accommodation. *Id*. at 2.

On September 2, 2021, plaintiff visited Gsarwar Market and encountered multiple architectural barriers. *Id*. at 2-3. Specifically, the path of travel from the parking lot to the store's entrance was rough and uneven, with a high transition from the parking lot to the sidewalk. *Id.* at 3. Also, the store's entrance was itself uneven and that the entrance door's exterior landing "was too small, with a large drop off." *Id*.

On November 10, 2021, plaintiff properly served defendants with a copy of the summons and complaint. ECF Nos. 4-6. After defendants failed to timely respond, plaintiff requested entry of default, ECF No. 7, which the Clerk of Court entered on January 10, 2022, ECF No. 8. Plaintiff now moves for default judgment on his ADA and Unruh Act claims and seeks $4,000 in statutory damages, as well as injunctive relief and attorney's fees and costs. ECF No. 9 at 2.

**Discussion**

Federal Rule of Civil Procedure 55 provides that default can be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is within the court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered, "the factual allegations of the complaint, except those

1  relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*,
2  826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560
3  (9th Cir. 1977)).  However, "necessary facts not contained in the pleadings, and claims which are
4  legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d
5  1261, 1267 (9th Cir. 1992).

      **A.    Americans with Disabilities Act**

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).  Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

To succeed on an ADA disability discrimination claim, a plaintiff "must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).  To succeed on such a claim, a plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Gilbert v. Shahi Assocs., Inc.*, No. 1:21-cv-01375-DAD-SAB, 2022 WL 1557162, at *8 (E.D. Cal. May 17, 2022) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)); *see also Wyatt v. Ralphs Grocery Co.*, 65 F. App'x 589, 590 (9th Cir. 2003).

The complaint alleges that plaintiff is disabled and that defendants are the owners and operators of a place of public accommodation. ECF No. 1 at 2-3. Plaintiff alleges that defendants denied him public accommodation because the store did not have an accessible

3

entrance door and the path of travel from the parking lot to the store's entrance was rough and uneven, with a high transition from the parking lot to the sidewalk. *Id*. He further alleges that the existing architectural barriers can be removed without significant difficulty or expense. *Id*. These allegations are sufficient to state an ADA claim. *See Molski*, 481 F.3d at 730. Accordingly, the second and third *Eitel* factors—the merits of the substantive claim and the sufficiency of the complaint—weigh in favor of default judgment.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting plaintiff's motion. Defendants were properly served, *see* ECF Nos. 4-6, but have not responded. Thus, it appears that their default was not entered due to excusable neglect. The sum of money at stake is relatively small and, accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Additionally, because defendants have not appeared, plaintiff has no means of obtaining relief apart from default judgment. Finally, although decisions on the merits are favored, the court cannot reach the merits where the defendant declines to take part in the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Accordingly, plaintiff is entitled to default judgment on his ADA claim.

**B.     Unruh Civil Rights Act**

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act provides that a violation of the ADA constitutes a violation of the Unruh Act. *See Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002); Cal. Civ. Code § 54.1(d). Violations of the Unruh Act permits statutory damages in the amount of $4,000 for each occasion that a plaintiff is denied equal access. *Id.* § 52(a). Since plaintiff's Unruh Act claim is predicated

on defendants' alleged violation of the ADA, he is entitled to $4,000 in statutory damages for defendants' violation of the Unruh Act.[1]

### C. Attorneys' Fees and Costs

Plaintiff seeks attorney's fees and costs. ECF No. 9-1 at 7-8. He requests $630.25 for the cost of completing service and the filing fee. The requested costs are reasonable and should be awarded.

He also seeks $3,590 in attorney's fees. To determine the reasonableness of attorney's fees, the court utilizes the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Under that method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id*.

Plaintiff asks for $2,190 in fees based on 7.3 hours at a rate of $300 per hour for work performed by attorney Tanya E. Moore. In several recent cases from this district, the court has concluded that a $300 hourly rate is appropriate for Moore given her years of experience. *See, e.g.*, *Vickers v. Vallejo Furniture Galleries, Inc.*, No. 2:20-cv-00068-JAM-AC, 2020 WL 2300718, at *12-13 (E.D. Cal. May 8, 2020); *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *8 (E.D. Cal. May 8, 2017). I also find that the requested hourly rate for Moore is appropriate.

However, given the nature of this case, I find that the 7.3 hours Moore billed is not reasonable. This case required counsel to prepare and file only a few documents—the complaint, proofs of service, request for entry of default, and the instant motion for default judgment. ECF

---

[1] Plaintiff's complaint also asserts a claim for violation of California Health and Safety Code §§ 19953, *et seq*. ECF No. 1 at 8. His motion, however, does not mention that claim, much less demonstrate that default judgment is appropriate. *See S.A. ex rel. L.A. v. Exeter Union Sch. Dist.*, 1:09-cv-00834-AWI-GSA, 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009) ("When seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the parties' burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient."). Accordingly, I recommend that plaintiff be ordered to notify the court whether he intends to dismiss his claim under California Health and Safety Code.

5

Nos. 1, 4-7, & 9. And as several judges in this district have observed, Moore has used the same form complaint and motion for default judgment in dozens of cases she has filed in this court, making only minimal alterations for each case. *See, e.g.*, *Gilbert v. HBA Enterprises, Inc.*, No. 1:21-cv-01358-JLT-SAB, 2022 WL 2663761, at *18 (E.D. Cal. July 11, 2022) (observing that Moore "uses a form complaint that is substantially similar to dozens of other actions filed in this district"); *Gilbert v. Muthana*, 2022 WL 2208513, *7 (E.D. Cal. June 21, 2022) ("Based upon the Court's familiarity with the actions filed by Ms. Moore's firm in this court, the Court is aware that this is basically a form complaint.").

Despite her use of a form complaint, Moore's billing records reflect that prior to commencing this action, she spent two hours conducting research, reviewing information from the client and a "prefiling investigation," providing instructions to a paralegal, and preparing and finalizing the complaint.[2] ECF No. 9-3 at 2. As other judges in this district have concluded, 0.5 hours is a reasonable amount of time for finalizing the complaint and reviewing any supporting information. *See Muthana*, 2022 WL 2208513 at *7.

Counsel also spent an excessive amount of time communicating with her client. From September 12, 2021 through November 4, 2021, Moore spent a total of 2.4 hours communicating with plaintiff about the drafting and filing of the complaint. Given the routine nature of the complaint, as well as Moore's history representing plaintiff in similar actions, I find that 0.5 hours is reasonable. *See, e.g.*, *Trujillo v. Taco Riendo, Inc.*, 1:21-cv-01446-JLT-SAB, 2022 WL 2236932, at *17 (E.D. Cal. June 22, 2022).

Accordingly, I find that a reduction of 3.4 hours is appropriate as to Moore. Plaintiff should therefore be awarded $1,170 in attorney's fees for 3.9 hours of work performed by Ms. Moore.

Plaintiff also seeks fees based on 6.7 hours, at an hourly rate of $115, of work performed by two paralegals, Whitney Law and Isaac Medrano. ECF No. 9-1 at 8. I find that requested hourly rate is reasonable for both paralegals. *See, e.g.*, *Muthana*, 2022 WL 2208513 at *7;

---

[2] These tasks are reflected in Moore's September 12, September 26, and October 30, 2021 billing entries. ECF No. 9-3 at 2.

*Trujillo v. Malwa Food Mart Inc.*, No. 1:21-cv-01580-AWI-BAM, 2022 WL 1214849, at *6 (E.D. Cal. Apr. 25, 2022). However, I find that the requested number of hours expended should be reduced.

I turn first to Medrano, who performed 4.2 hours of work. As an initial matter, several of the billing entries describe clerical tasks not billable at a paralegal rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1993) ("It simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost."). Specifically, he spent 0.2 hours gathering service documents and providing instructions to a process servicer; 0.3 hours preparing and submitting a report "on CCDA portal"; 0.1 hours reviewing the court's initial scheduling order; 0.4 drafting and reviewing proofs of service, and 0.1 setting the deadline for a Rule 26 meet and confer communicating with a process server. ECF No. 9-3 at 4. Because each of these tasks is clerical in nature, Medrano's time should be reduced by 1.1 hours.

Medrano also performed several tasks that were either unnecessary or duplicative of work performed by Moore. On November 9, 2021, he purportedly spent 0.2 hours finalizing the complaint and drafting a civil cover sheet. ECF No. 9-3. Given that the complaint was filed on November 3, 2021, those tasks were unnecessary. Medrano also spent 0.6 hours drafting the request for clerk's entry of default judgment. *Id*. at 4. That time is duplicative of the 0.5 hours Ms. Moore spend drafting and revision the same request. Accordingly, the 0.8 hours Medrano spent on these tasks should be excluded.

Finally, Medrano spent an excessive amount of time preparing the instant motion for default judgment, which is substantially similar to other motions for default judgment that counsel has filed in other cases. In total, Medrano spent 1.7 hours preparing the motion and supporting documents. ECF No. 9-3 at 4-5. Although that is not an unreasonable amount of time to complete the necessary alterations to the form motion, Medrano was not the only one to work on that task. Law reports spending 1.5 hours drafting and revising the motion, and Moore spent

1 an additional hour on the matter. *Id*. at 5.  Accounting for the hour Moore spent on the motion, I

2 find that one hour of paralegal time is sufficient to prepare the motion.  *See Muthana*, 2022 WL

3 2208513 at *7 (observing that the motion for default nearly identical to motions filed by Ms.

4 Moore in other cases and finding "that one hour of Ms. Moore's time and one hour of paralegal

5 time is sufficient to prepare the motion").  I will therefore recommend reducing 0.7 hours from

6 Medrano's requested hours.[3]

7 As for Law, counsel's billing records include only four entries showing a total of 2.5

8 hours of work.  On October 28, 2021, Law reviewed information, conducted research, and revised

9 the complaint.  ECF No. 9-3 at 4.  This work is duplicative of the work Moore performed in

10 relation to preparing the complaint and should therefore be excluded.  *See Moreno*, 534 F.3d at

11 1113.  Law's next two entries—for January 14 and January 26, 2021—reflect that she spent a

12 total 0.4 hours reviewing proofs of service in preparation for a default judgment motion.  ECF

13 No. 9-3 at 4.  Reviewing proofs of service is a clerical task.  Accordingly, the 0.4 hours spent

14 performing this task should be excluded.  *See Gilbert v. Muthana*, No. 1:21-cv-01333-JLT-SKO,

15 2022 WL 2208513 at *7 (E.D. Cal. June 17, 2022) (deducting time for reviewing proofs of

16 service); *Malwa Food Mart*, 2022 WL 1214849 at *7 (same).  The remaining 1.5 hours was spent

17 drafting and revising the instant motion.  As noted above, that time should be excluded as

18 excessive given the time Moore and Medrano also spent working on the motion.  Accordingly,

19 plaintiff should not be awarded fees based on any work performed by Law.

20 Based on the foregoing, I recommend that plaintiff be awarded fees based on 3.9 hours of

21 time expended by Moore at an hourly rate of $300, and 1.6 hours of time expended by Medrano

22 at an hourly rate of $115, for a total award of $1,354.

23 Accordingly, it is hereby RECOMMENDED that:

24 1. Plaintiff's motion for default judgment, ECF No. 9, be granted.

25 2. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000.

26 3. Plaintiff be granted an injunction requiring defendants to remove the architectural

---

[3] Because I attribute the one hour of paralegal time to work performed by Medrano, the 1.5 hours Law spent on the motion should be excluded.

barriers described in the complaint.

      4. Plaintiff be awarded attorneys' fees and costs in the amount of $1,984.25.

      5. Plaintiff be directed to notify the court of whether he intends to dismiss his claim under California Health and Safety Code within seven days of any order adopting these findings and recommendations.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 15, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE